UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID ARNOLD, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:16-CV-1461 CEJ ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on the motion of David Arnold to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I. Background**

After entering into a plea agreement with the government, Arnold pled guilty to interstate transportation of an individual for prostitution, in violation of 18 U.S.C. § 2421. *United States v. Arnold*, No. 4:15-CR-180 CEJ. In the plea agreement, Arnold and the government estimated that the total offense level under the Sentencing Guidelines would be 29. Arnold agreed to waive his right to appeal all sentencing issues (other than criminal history) if he received a sentence within the guideline range calculated on the basis of the parties' estimated total offense level. He further waived his right to challenge his conviction and sentence in a postconviction proceeding, unless the challenge was based on a claim of prosecutorial misconduct or ineffective assistance of counsel.

At sentencing, the Court determined that the total offense level was 29 and that Arnold's criminal history category was V. The guideline range was 140 to 175 months. However, because the statutory maximum penalty for the offense was ten

years, the guideline range became 120 months. Arnold was sentenced to a 120-month term of imprisonment to be followed by a lifetime term of supervised release.

Defense counsel filed a timely notice of appeal. In her brief, counsel argued that Arnold's 120-month sentence was substantively unreasonable. *United States v. Arnold*, No. 15-3507 (8th Cir.). The government moved to dismiss the appeal, arguing that it was precluded by the waiver in the plea agreement. The Court of Appeals agreed and dismissed the appeal. *United States v. Arnold*, No. 15-3507 (8th Cir.).

**II**. **Discussion**

In his motion to vacate, Arnold asserts two grounds for relief: (1) he was denied effective assistance of counsel as a result of his attorney's failure to file a notice of appeal; and (2) the length of his supervised release term is unreasonable.

To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, *466 U.S. 668, 688 (1984)*. Here, Arnold cannot establish the first *Strickland* prong, because the record clearly shows that defense counsel filed a notice of appeal and a brief on Arnold's behalf. Therefore, his first claim is without merit.

Arnold's second claim—challenging the reasonableness of the supervised release term—falls within the scope of the waiver in his plea agreement. As noted above, Arnold waived all postconviction claims other than ineffective assistance of counsel and prosecutorial misconduct. As a result, the claim is barred from review. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000).

### III. Conclusion

For the reasons set forth above, the Court concludes that the files and records of this case conclusively show that Arnold is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts. Therefore, the motion will be denied without a hearing. *See 28 U.S.C. § 2255 Rule 4*; *Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).* Additionally, the Court finds that Arnold has not made a substantial showing of the denial of a constitutional right. See *Khaimov v. Crist*, *297 F.3d 783, 785 (8th Cir. 2002)*. Therefore, the Court will not issue a certificate of appealability. *See 28 U.S.C. § 2253*(c).

An Order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2016